IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, <br><br> Defendant. | Case No. 1:24-cv-2113 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. In December 2021, Plaintiff Natural Resources Defense Council, Inc. (NRDC) sent Defendant United States Department of Energy (the Department) a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The request sought records concerning the Department's coordination with chemical and plastic industry associations to promote the harmful incineration of plastic waste in the United States. The Department is violating FOIA by failing to disclose records responsive to NRDC's request.

2. Plastic trash is everywhere in the modern world. Each year, nearly a quarter of a billion metric tons of plastic waste is generated globally, clogging oceans and polluting cities and communities. The United States recycles less than nine percent of the plastic waste it produces, sorting, cleaning, shredding, and processing it into pellets used to make new plastic products. The rest is incinerated, landfilled, or ends up in the environment.

3. In response to public concern about the mountains of plastic trash we produce, the plastic industry promotes what it calls "chemical recycling." A more appropriate label is plastic

1

burning. "Chemical recycling," also known as "advanced recycling," refers to the use of heat or other chemical processes to convert plastic to other chemicals or fuel to be burned. Because "chemical recycling" most often creates materials that are burned, rather than turned into new plastic, it does not qualify as recycling at all under international standards. Moreover, these processes require ongoing new plastic production, produce harmful air pollution and climate-warming greenhouse gases, and generate large amounts of hazardous waste.

4. On February 3, 2020, the Department announced that it had entered a partnership with chemical industry association American Chemistry Council (ACC) through a Memorandum of Understanding (Memorandum) under which the Department and ACC would work together to develop "innovative plastic recycling technologies."

5. This case involves the Department's more than two-year failure to respond to NRDC's FOIA request for records relating to collaboration between the Department or other federal officials and the ACC, America's Plastic Makers, or any other parties outside the government regarding "chemical recycling."

6. NRDC seeks a declaration that the Department has violated FOIA by failing both to provide a determination on NRDC's request and to promptly release all responsive, non-exempt records. NRDC also seeks an injunction ordering the Department to provide these records without further delay.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in the Southern District of New York because NRDC maintains its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

9. Plaintiff NRDC is a nonprofit advocacy organization with hundreds of thousands of members nationwide. On behalf of its members, NRDC engages in research, advocacy, public education, and litigation to protect public health and the environment.

10. Defendant Department of Energy is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and possesses or controls the records NRDC seeks in this action.

## STATUTORY AND REGULATORY FRAMEWORK

11. FOIA requires federal agencies to release records to the public upon request unless a statutory exemption from disclosure applies. *Id.* § 552(a)-(b).

12. An agency must release the requested information at no or reduced cost if its disclosure "is in the public interest because it is likely to contribute to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii); *see* 10 C.F.R. § 1004.9(a)(8).

13. Within twenty business days of when the agency receives the request, it must notify the requester of its determination whether to comply with the request along with the rationale and scope of records the agency will produce. 5 U.S.C. § 552(a)(6)(A)(i); *see* 10 C.F.R. § 1004.5(d)(1).

14. In "unusual circumstances," an agency may extend this twenty-day time limit by up to ten working days. 5 U.S.C. § 552(a)(6)(B)(i); *see also* 10 C.F.R. § 10045(d)(1)(iii).

15. Once an agency determines that it will comply with a FOIA request, it must "promptly" release responsive, non-exempt records to the requester. 5 U.S.C. § 552(a)(6)(C)(i).

16. If the agency fails to notify the requester of its determination within the statutory time limit, the requester is "deemed to have exhausted his administrative remedies" and may immediately file suit. *Id.* § 552(a)(6)(C)(i); *see also* 10 C.F.R. § 1004.5(d)(4).

17. FOIA grants federal district courts authority to "enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

18. On February 3, 2020, the Department announced that it had signed the Memorandum with the ACC to help develop and promote "innovative plastic recycling technologies" as part of the Department's "Plastics Innovation Strategy." Neither the Department nor ACC made this Memorandum publicly available.

19. On December 6, 2021, NRDC filed a FOIA request with the Department, asking for the Memorandum as well as all communications between the Department and the ACC, America's Plastic Makers, or any other parties outside the government regarding the development of the Memorandum or any activity related to developing innovative plastic recycling technologies, the Department's "Plastics Innovation Challenge," and "chemical recycling" or "advanced recycling."

20. NRDC requests these records to effectively pursue its interests in informing the public about the government's activities regarding "chemical recycling" or plastic incineration and advocating for sustainable solutions to the problem of plastic waste in the environment. The Department's failure to disclose responsive records prevents NRDC from understanding who influenced the Department's policies concerning the plastic crisis and the extent to which the Department is coordinating with third parties, such as chemical and plastic industry associations

on these issues. Obtaining this information is important to NRDC's goal of addressing the plastic crisis.

21. On December 7, 2021, the Department sent NRDC an "interim response." The letter stated that the Department would provide NRDC with a determination after it completed its search for and review of any responsive records. The Department also agreed to grant NRDC a "news media" fee waiver, under which it will charge NRDC only the cost of reproduction beyond the first hundred pages of documents reproduced.

22. On May 23, 2022, the Department sent NRDC the Memorandum between the Department and the ACC on "plastic innovation."

23. Between December 7, 2021, and January 12, 2024, NRDC followed up with the Department by email more than fifteen times concerning the status of the Department's forthcoming response to NRDC's FOIA request. The Department relayed several excuses for its delays, including "technological issues" that had caused "setbacks," the need for further "responsiveness review," that the Department sent responsive records for review outside the agency, and the need to consult with "subject matter experts." To date, NRDC has not received any records responsive to its request other than the Memorandum.

24. None of the Department's communications with NRDC notified NRDC of the scope of records the agency intends to produce or that NRDC has the right to appeal the agency's response.

25. To date, the Department has not made a determination on or released all non-exempt records responsive to NRDC's FOIA request.

## CLAIM FOR RELIEF

26. Plaintiff incorporates by reference all preceding paragraphs.

27. NRDC has a right under FOIA to receive a full response to its request by the statutory deadline, which has passed.

28. NRDC has a right under FOIA to promptly obtain all records that are responsive to its request and not exempt from disclosure.

29. The Department violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to respond to NRDC's request and to release all responsive, non-exempt records to NRDC.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter a judgment against the Department:

A. Declaring that the Department has violated FOIA by failing to issue a determination on, and to release all non-exempt records responsive to, NRDC's FOIA request;

B. Directing the Department to promptly release to NRDC all responsive, non-exempt records requested by NRDC;

C. Directing the Department to produce an index identifying any records or parts thereof that it withholds and the basis for the withholdings, in the event the Department determines that certain responsive records are exempt from disclosure;

D. Retaining jurisdiction over this case to rule on any relevant claims concerning the scope of the Department's obligations under FOIA;

E. Awarding NRDC its reasonable costs and attorney's fees; and

F. Granting such other and further relief as the Court deems just and proper.

Dated: March 21, 2024                                    Respectfully submitted,

*/s/Chantel Jathan*
Chantel Jathan*
Sarah C. Tallman*
Natural Resources Defense Council
1152 15th St. NW, Ste. 300
Washington, D.C. 20005
T: (202) 836-9344
cjathan@nrdc.org
stallman@nrdc.org
**pro hac vice applications pending*

Mitchell S. Bernard
(NY Bar No. 1684307)
Natural Resources Defense Council
40 W. 20th St., 11th Fl.
New York, NY 10011
T: (212) 727-4469
mbernard@nrdc.org

*Counsel for Plaintiff Natural
Resources Defense Council*
